| | |
|---|---|
| 1 | CARLOS JIMENEZ, Bar No. 227534 |
| 2 | cajimenez@littler.com<br>LITTLER MENDELSON, P.C. |
| 3 | 633 West 5th Street<br>63rd Floor |
| 4 | Los Angeles, CA 90071<br>Telephone: 213.443.4300 |
| 5 | Fax No.: 213.443.4299 |
| 6 | Attorneys for Defendant<br>PRAXAIR DISTRIBUTION, INC. |
| 7 | (erroneously sued as PRAXAIR, INC.) |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOUIE HASSAN, in his individual capacity, and on behalf of all others similarly situated, | | Case No. 2:18cv-02811 |
| | Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| | v. | [28 U.S.C. §§ 1332, 1441, & 1446] |
| PRAXAIR, INC., a Delaware Corporation; and DOES 1-100, inclusive, | | Complaint Filed on March 1, 2018 |
| | Defendants. | |

1.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF LOUIE HASSAN AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Praxair Distribution, Inc. ("PDI" or "Defendant") (erroneously sued as PRAXAIR, INC.) hereby removes the above-entitled action brought by Plaintiff Louie Hassan ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(d) (Class Action Fairness Act of 2005 or "CAFA"), and 1446 on the following grounds:

## I.   STATEMENT OF JURISDICTION & VENUE

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

2. This Court has jurisdiction over this case under CAFA, 28 U.S.C. §1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all putative class members exceeds $5,000,000; and, (4) there is diversity between at least one class member and Defendant.

3. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which the defendant is not a citizen. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

4. As set forth below, this case meets all of CAFA's requirements for

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

removal and is timely and properly removed by the filing of this Notice.

5. This action was filed in the Superior Court for the State of California for the County of Los Angeles. Accordingly, venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84, 1391, 1441 and 1446.

## II. PLEADINGS, PROCESSES & ORDERS

6. On October 31, 2017, Plaintiff, on behalf of himself and other members of the general public similarly situated, commenced this action by filing a class action complaint in the Superior Court of California, County of Los Angeles, entitled *Louie Hassan, in his individual capacity, and on behalf of all others similarly situated, v. Praxair, Inc., a Delaware Corporation; and DOES 1 through 100, inclusive,* designated as Case No. BC696124 ("Complaint"). A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A.** Plaintiff and the members of the putative class he purports to represent are all "current and former employees of Defendant who worked as truck drivers in California from the four years prior to the filing of this Complaint through the date of Class certification." (Compl., ¶ 20.)

7. In the Complaint, Plaintiff, a former employee of Defendant, alleges the following causes of action on his behalf and on the behalf of the putative class members: (1) Failure to Provide Mandated Timely Off-Duty Meal Breaks; (2) Failure to Provide Mandated Timely Off-Duty Rest Breaks; (3) Failure to Pay Minimum Wages; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Pay Compensation Due Upon Separation of Employment; and (6) Unfair/Unlawful/Fraudulent Business Practices.

8. This action was brought as a putative class action pursuant to California Code of Civil Procedure § 382, which authorizes actions be brought by one or more representative persons as a class, similar to Rule 23 of the Federal Rules of Civil Procedure.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

9. Defendant's agent for service of process was served on March 6, 2018 with the Complaint, together with the accompanying Summons and pleadings. True and correct copies of the Summons and accompanying documents are attached collectively as **Exhibit B**.

10. Because the Doe defendants have not yet been served, they need not join or consent to Defendant's Notice of Removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the notice of removal). Furthermore, CAFA permits any defendant to unilaterally remove the action if the requirements of CAFA for removal are met, as they are here. *See* 28 U.S.C. §1453(b).

11. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in in the Superior Court of the State of California, County of Los Angeles.

### III. TIMELINESS OF REMOVAL

12. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of defendant receiving the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Removal of this action is timely because Notice has been filed within 30 days from March 6, 2018, when Defendant was served with the Complaint and first became aware that the action was removable. 28 U.S.C. § 1446(b). Because Plaintiff personally served the Summons and Complaint upon Defendant's agent for service of process on March 6, 2018, the thirty-day period for removal is Thursday, April 5, 2018.

### IV. DIVERSITY OF CITIZENSHIP

13. Minimum diversity exists in this case. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff was at the time of the filing of this action a resident of the State of California. (Compl., ¶ 5.) Accordingly, Plaintiff is a citizen of the State of California.

14. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to its nerve center or, in other words, the location where the corporation's high level officers direct, control and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-95 (2010). Except in unusual circumstances, a corporation's corporate headquarters is in its 'nerve center.' *Id.*

15. PDI is, and was at the time this action was commenced, a corporation organized and formed under the laws of the State of Delaware. *See* Declaration of Kristin Miranda (hereafter "Miranda Decl."), ¶ 3. PDI's corporate headquarters are located in Danbury, Connecticut and its executive officers direct, control, and coordinate the corporation's activities and executive functions from its corporate headquarters in Danbury, Connecticut. Miranda Decl., ¶ 3; *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed). Danbury, Connecticut is therefore PDI's principal place of business. Accordingly, PDI is not a citizen of the State in which this action is pending and is a citizen of a different State than that of Plaintiff.

16. Plaintiff is a citizen of California, Defendant is a citizen of Delaware and Connecticut, therefore the minimal diversity requirement of 28 U.S.C. section 1332(d)(2)(A) is satisfied.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

17. Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity of or any allegations against these Defendants as individuals. Their citizenship should be disregarded for the purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

## V. PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

18. At all relevant times, Plaintiff was employed by Defendant as a truck driver. (Compl., ¶ 5.) Plaintiff seeks to represent current and former hourly, non-exempt truck drivers who were employed by Defendant in the State of California during the period of March 1, 2014 through the resolution of this action. (Compl., ¶ 20.)

19. Defendant has employed approximately 247 current and former non-exempt employees in the State of California since March 1, 2014. (Miranda Decl., ¶ 4.)

## VI. DEFENDANT IS NOT A GOVERNMENTAL ENTITY

20. Defendant is not a state, state official, or other governmental entity. Defendant Praxair Distribution, Inc. is a wholly owned subsidiary of Praxair, Inc., a publically held corporation. (Miranda Decl., ¶ 3.)

## VII. AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

21. The CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). Plaintiff's conclusory allegation that the total amount in controversy in this lawsuit does not exceed $5,000,000 (Compl., ¶ 4) cannot preclude removal because even a stipulation to that effect would not be binding on the putative class Plaintiff seeks to represent. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348-50 (2013) ("a plaintiff who files a proposed class action cannot legally bind members of the proposed class before

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

the class is certified" and therefore because the plaintiff's "precertification stipulation does not bind anyone but himself, [the plaintiff] has not reduced the value of the putative class members' claims").

22. A defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal'" as stated under 28 U.S.C. section 1446(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. at 553. According to the United State Supreme Court, "[b]y design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and thus, on removal, federal courts are to accept the defendant's "amount-in-controversy allegation when not contested by the plaintiff or questioned by the court." *Id.* Accordingly, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

23. Defendant expressly denies any liability for the damages alleged in Plaintiff's complaint. However, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"). The ultimate inquiry is what amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).[1]

24. Plaintiff alleges Defendant "failed to provide mandated timely meal periods," failed to pay for "missed and untimely meal and break periods," "truck drivers were not permitted to leave their trucks unattended at any point, including

---

[1] Defendant intends to file a Motion to Dismiss Plaintiff's first, second, fourth, fifth and sixth causes of action as they are time-barred based on Plaintiff's dates of employment. A meet and confer letter was sent to Plaintiff on April 5, 2018, addressing the deficiencies in the Complaint. However, for the purposes of this Notice of Removal, Defendant assesses the potential damages as all claims are currently in controversy.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

during all meal and rest breaks, failed to "issue accurate itemized wage statements to drivers," and failed to "pay drivers' wages due upon termination." (Compl., ¶¶ 1 & 12.) Plaintiff also alleges a cause of action for violation of the Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq*. (Compl., ¶¶ 63-65.) Alleging a UCL violation extends the statute of limitations of several of Plaintiff's and the putative class' wage and hour claims from three to four years from the filing of the Complaint, which in this case, extends the statute of limitations to March 1, 2014. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL). Plaintiff seeks to recover on behalf of himself and the putative class members damages arising from this alleged conduct, including: penalties; general damages and/or restitution; special damages (including lost wages and interest); costs; and attorneys' fees. (Compl., Prayer for Relief.)

25. From March 1, 2014 to present, Defendant employed approximately 247 current and former truck drivers in California whom PDI classified as hourly, non-exempt employees with an average hourly rate of $24.26. (Miranda Decl., ¶ 4.). Based on the available employment records, the time period Plaintiff has placed at issue, and the number of employees at issue, Plaintiff has placed 30,669 workweeks in controversy, based on the hire and termination dates of the putative class members. Plaintiff was employed from August 11, 2014 through January 5, 2015, for a total of 21 workweeks. (Miranda Decl., ¶ 7.)

### A. Failure to Provide Off-Duty Meal And Rest Periods

26. Plaintiff alleges that "on a daily basis throughout the Class period, Plaintiff, like all other members of the Class, was unable to take his mandatory rest breaks and his first off-duty thirty minute break on or before the fifth hour of work." (Compl., ¶ 13.) Plaintiff further alleges "when Plaintiff and members of the Class regularly worked more than ten (10) hours per day, they were not able to take either of the two required off-duty thirty-minute breaks. (Compl., ¶ 13.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

8.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

27. Plaintiff alleges he "like other members of the Class, typically worked five (5) days per week and approximately fifty-one (51) to fifty-two (52) weeks per year." (Compl., ¶ 11.)

28. Pursuant to the California Court of Appeal's decision in *United Parcel Service Wage & Hour Cases,* 196 Cal. App. 4th 57, 69 (2011), should Plaintiff sustain his burden of proof, Plaintiff and the putative class members could be entitled to one hour of premium pay for a missed meal period and one hour of premium pay for a missed rest break in a single day.

### 1. Plaintiff's Meal Period Claim

29. A conservative amount in controversy for Defendant's alleged failure to provide off-duty meal periods would be approximately **$2,232,089.82**. Although Plaintiff alleges that he worked five days per week and that every shift worked by all non-exempt truck drivers consisted of an on-duty meal period (Compl., ¶ 11), this number assumes only three missed meal periods per week. If four missed meal periods are assumed, the amount in controversy would be **$2,976,119.76**. These figures are calculated as follows:

| Meal Period Claim | | Weeks | Average Rate | Amount in Controversy |
|---|---|---|---|---|
| Violations Per Week | 3 | 30,669 | $24.26 | $2,232,089.82 = 3 x 30,669 x $24.26 |
| Violations Per week | 4 | 30,669 | $24.26 | $2,976,119.76 = 4 x 30,669 x $24.26 |

### 2. Plaintiff's Rest Period Claim

30. Plaintiff alleges that he and "members of the Class were never fully relieved of their duties and were routinely required to work through their rest periods at the direction of Defendant." (Compl., ¶ 42.) Accepting the allegations that the putative class members missed a rest break in the same way that they missed meal

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

breaks as calculated in ¶29 above, the amount in controversy for putative class members on this cause of action would equal **$2,232,089.82**, assuming three violations per week, and **$2,976,119.76** assuming four violations per week.

| **Rest Period Claim** | | **Weeks** | **Average Rate** | **Amount in Controversy** |
|---|---|---|---|---|
| Violations Per Week | 3 | 30,669 | $24.26 | $2,232,089.82 = 3 x 30,669 x $24.26 |
| Violations Per week | 4 | 30,669 | $24.26 | $2,976,119.76 = 4 x 30,669 x $24.26 |

### B.     Minimum Wage Violations

31.     Plaintiff and the putative class seek allegedly unpaid minimum wages and liquidated damages equal to the amount of unpaid wages pursuant to California Labor Code §§ 1194, 1197, and 1197.1. (Compl., ¶¶ 48-49.) Plaintiffs do not allege any factual basis for this claim. Nor do Plaintiffs limit this claim in some manner, for instance, stipulating that only certain shifts are at issue. Accordingly, at this juncture each work day of each putative class member during the putative class period is in controversy.

32.     A conservative estimate of the amount in controversy for Plaintiff's minimum wage claim would equal **$103,740**. This assumes Plaintiff and the putative class seek only one hour of wages for off-the-clock work per week, at the California 2016 state minimum wage of $10.00[2], and that all employees worked for only 21 workweeks, the same amount of workweeks Plaintiff worked. (*See* ¶ 25.) The unpaid minimum wage owed would be $51,870 ($10.00 x 247 x 21 weeks). Additionally, the amount of liquidated damages in controversy would equal another $51,870. See Cal. Lab. Code §§ 1194.2, 1197.1. Thus, the amount in controversy for Plaintiffs' minimum wage claim would likely exceed **$103,740**.

---

[2] Note that the California minimum wage increased to $10.50 per hour in 2017 and to $11.00 in 2018.

10.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

33. Assuming Plaintiff and the class members are owed one hour of unpaid minimum wage for all workweeks worked during the class period, the amount in controversy for this claim would be **$613,380** ($10.00 x 30,669 x 2).

### C. <u>Wage Statements</u>

34. Plaintiff also alleges that Defendant failed to provide him and the other class members with complete and accurate wage statements in violation of California Labor Code §226(a). (Compl., ¶¶ 53-54.) California Labor Code §226(a)(2) requires a wage statement to show an employee's total hours for the pay period, and §226(a)(9) requires the wage statement to show all applicable hourly rates. The statutory penalty for such a violation is $50 for the first pay period, and $100 for each subsequent pay period, up to a total maximum of penalty of $4,000. Cal. Lab. Code §226(e). California Labor Code §226(e) has a one-year statute of limitations. *Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007).

35. Defendant pays its non-exempt employees on a weekly basis. (Miranda Decl., ¶ 4.) Therefore, there are 52 pay periods per year. Plaintiff's Complaint seeks fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation per pay period (Compl.,¶ 55.). While Defendant denies the validity and merit of Plaintiff's claims, for purposes of removal only, Defendant determines the amount in controversy by applying the maximum penalty authorized. During the one year statute of limitations period from March 1, 2017 to present, Defendant employed approximately 177 putative class members. (Miranda Decl., ¶ 6.) Of those 177 employees, 158 employees were employed for 41 or more workweeks. The remaining 19 employees were employed for a total of 365 workweeks.

36. Based on Plaintiff's theory of what he would be entitled to recover, the fact that employees are paid on a weekly basis, and that the one-year statute of limitations would permit Plaintiff to recover penalties for the time period between March 1, 2017 and March 31, 2018, the amount in controversy for this claim is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**$667,500**. The amount is calculated as follows: For the 158 employees who worked 41 or more workweeks during the statutory period, their penalties are capped at the statutory dollar amount of $4,000 per employee, which equals $632,000. The estimated penalties for the remaining 19 employees who worked less than 41 workweeks equals $34,600 (19 x $50 for the first penalty) + (365-19 for subsequent violations x $100). Added together, the potential amount in controversy for Plaintiff's claim for wage statement violations is **$667,500**.

### D. Waiting Time Penalties

37. Plaintiff alleges that "Defendant willfully failed to pay Plaintiff and other members of the Class who are no longer employed by Defendants for their missed, untimely and/or on-duty or interrupted meal periods upon their termination or separation from employment with Defendants." (Compl., ¶ 58.) Section 203 provides for one-day's wages for each day an employee who has separated from his or her employment is not paid all wages owed, up to a total of 30 days' of wages ("waiting time penalty"). Cal. Lab. Code §203. California Labor Code §203 has a three-year statute of limitations. *Id*. Thus, the applicable look-back period for purposes of calculating waiting time penalties dates back to March 1, 2015.

38. Based on Defendant's payroll data, a total of 77 putative class members have separated their employment with Defendant since March 1, 2015. (Miranda Decl., ¶ 5.) The amount in controversy with respect to waiting time penalties for resident putative class members is **$448,324.80**, is calculated as follows: 77 terminated class members x $24.26/hr x 8 hrs/day x 30 days = $448,324.80.

///
///
///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

12.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

39. The aggregate amount in controversy exceeds the $5,000,000 jurisdictional minimum:

| Plaintiff's Claims | Amount in Controversy |
|---|---|
| Meal Break Premiums | $2,232,089.82 to $2,976,119.76 |
| Rest Break Premiums | $2,232,089.82 to $2,976,119.76 |
| Minimum Wage Violations | $103,740.00 to $613,380.00 |
| Wage Statement Penalties | $667,500.00 |
| Waiting Time Penalties | $448,324.80 |
| **TOTAL (exclusive of attorneys' fees)** | **$5,683,744.44 to $7,681,444.32** |

40. Indeed, were damages exposure extended through trial, the totals would be even higher. *Mejia v. DHL Express (USA), Inc.*, 2015 U.S. Dist. LEXIS 67212, *6, 2015 WL 2452755 (C.D. Cal. May 21, 2015) (where the Complaint does not cut off class allegations as of the date the complaint was filed, including post-filing time in removal computations is consistent with the allegations in the complaint and permissible).

41. Moreover, Plaintiff seeks attorneys' fees and costs in his Complaint (Compl., Prayer for Relief.) It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the "bench mark" percentage for the fee award should be 25 percent.") (citation omitted.); *Lo v. Oxnard Euro. Motors, LLC*, 2012 US. Dist. LEXIS 73983 at *9 ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

13.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

common fund recovery.")

42. Removal of this action is therefore proper as the aggregate value of Plaintiff's class causes of action for unpaid overtime and minimum wage, unpaid meal and rest periods premiums, final wages not timely paid, non-compliant wage statements, and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2).

## VIII. NOTICE TO PLAINTIFF AND STATE COURT

43. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served by the undersigned on Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Los Angeles.

Dated: April 5, 2018

/s/ *Carlos Jimenez*
CARLOS JIMENEZ
LITTLER MENDELSON, P.C.
Attorneys for Defendant
PRAXAIR DISTRIBUTION, INC.
(erroneously sued as PRAXAIR, INC.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

14.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT