# EXHIBIT 'A'

1  ROBERT L. ESENSTEN (SBN 65728)
     resensten@esenstenlaw.com
2  JORDAN S. ESENSTEN (SBN 264645)
     jesensten@esenstenlaw.com
3  **ESENSTEN LAW**
    12100 Wilshire Boulevard, Suite 1660
4  Los Angeles, California 90025
    Telephone:  (310) 273-3090
5  Facsimile:  (310) 207-5969

6

7  Attorneys for LOUIE HASSAN, and
    Others Similarly Situated

**FILED**
Superior Court of California
County of Los Angeles

MAR 01 2018

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
     Marion Gomez

8

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10       COUNTY OF LOS ANGELES – CENTRAL DISTRICT

11

12  LOUIE HASSAN, in his individual capacity,    CIVIL ACTION NO.

13  and on behalf of all others similarly situated,  **CLASS ACTION**  BC 696124

14         Plaintiff,         **COMPLAINT FOR:**

15      vs.            (1) **Failure to Provide Mandated Timely
                                  Off-Duty Meal Breaks;**
16  PRAXAIR, INC., a Delaware Corporation;  (2) **Failure to Provide Mandated Timely
    and DOES 1-100, inclusive,                 Off-Duty Rest Breaks;**
17                            (3) **Failure to Pay Minimum Wages;**
          Defendants.         (4) **Failure to Provide Accurate Itemized
18                                    Wage Statements;**
19                            (5) **Failure to Pay Compensation Due
                                  Upon Separation of Employment;
20                                  and**
                            (6) **Unfair/Unlawful/Fraudulent
21                                 Business Practices**

22

23

24

25

26

27

28

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

Doc# 1 Page# 1 - Doc ID = 1729755688 - Doc Type = OTHER

308
CCW
310

CIT/CASE: BC696124
LEA/DEF#:

RECEIPT #: CCH621759082
DATE PAID: 03/01/18  04:04 PM
PAYMENT: $1,435.00
RECEIVED:
    CHECK:     $1,435.00
    CASH:          $0.00
    CHANGE:        $0.00
    CARD:          $0.00



1  Through this Complaint, Plaintiff LOUIE HASSAN ("Plaintiff"), by and through his

2  undersigned attorneys, respectfully alleges against PRAXAIR, INC. and DOES 1-100

3  (collectively, "Defendants"), as follows:

### NATURE OF ACTION

4

5  1.     Plaintiff brings this action on behalf of himself, as a class action, and on behalf of

6  the California general public, against Defendants for their failure to provide mandated timely meal

7  periods to truck drivers; their failure to pay truck drivers for missed and untimely meal and break

8  periods; their failure to issue accurate itemized wage statements to drivers; and their failure to pay

9  drivers' wages due upon termination of employment.  As a result of these acts or omissions,

10  Defendants have violated California statutory laws as described below.

### JURISDICTION AND VENUE

11

12  2.     Defendants are within the jurisdiction of this Court in that they transact millions of

13  dollars of business in the State of California and in Los Angeles County.  Defendants operate at

14  least four (4) centers throughout California, and Plaintiff was employed at their center on 8300 S.

15  Atlantic Blvd., Cudahy, California 90021 in Los Angeles County.  As a result, Defendants have

16  obtained the benefits of the laws of the State of California and its cryogenics distribution market.

17  3.     Venue is proper in this county under California *Business and Professions Code* §

18  17203 and California *Code of Civil Procedure* §§ 395(a) and 395.5.  Plaintiff was based out of

19  Defendants' center located in the City of Cudahy in Los Angeles County, and the putative Class

20  includes only California residents.  Many of the acts, as well as the course of conduct charged

21  herein, occurred in Los Angeles County.

22  4.     The aggregate amount in controversy for the putative Class is not expected to meet

23  or exceed $5,000,000.  The total amount in controversy for the named Plaintiff or any individual

24  putative Class member is not expected to meet or exceed $75,000.  Plaintiff asserts causes of

25  action based solely on, and arising from, California law, and asserts no claims under federal law.

26  The claims of the Class are also individual claims for violations of California law described

27  herein. These claims do not unite or enforce a single title or right, but rather arise from

28  Defendants' systemic failure to provide mandated timely meal and break periods to drivers, their

ESENSTEIN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

2
Complaint

ESENSTEIN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1   incurrence of waiting time penalties, penalties for itemized wage statements, and penalties for

2   failure to pay all wages due on termination.

3   **THE PARTIES**

4       5.       Plaintiff LOUIE HASSAN is a California resident who was employed by

5   Defendants as a truck driver until in or around January 2016.  Plaintiff was based at Defendants'

6   Cudahy Facility located at 8300 S. Atlantic Blvd., Cudahy, California 90021.  On a daily basis

7   throughout his employment with Defendants, Plaintiff Hassan and his fellow drivers were not

8   properly compensated by Defendants for missed, untimely, and on-duty meal and break periods.

9       6.       Plaintiff is informed and believes and thereupon alleges that Defendant Praxair,

10  Inc. ("Praxair") is a corporation formed under the laws of Delaware with its principal place of

11  business in Connecticut, and transacts millions of dollars per year of business in California

12  transporting industrial gas and other items throughout Los Angeles County and other counties

13  throughout California.

14      7.       On information and belief, Defendants' facility on S. Atlantic Blvd. had a Human

15  Resources office from which Plaintiff and all putative Class members received their paychecks.

16      8.       Plaintiff is ignorant of the true names and capacities, whether individual, corporate,

17  or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive and so

18  Plaintiff sues them by these fictitious names.  Plaintiff is informed and believes that each of the

19  DOE Defendants is in some manner responsible for the conduct alleged herein.  Upon discovering

20  the true names and capacities of these fictitiously named defendants, Plaintiff will amend this

21  Complaint to show the true names and capacities of these fictitiously named defendants.

22      9.       Plaintiff is informed and believes and thereupon alleges that at all times mentioned,

23  each of the Defendants was (and still is) the employee, agent, partner, joint venturer, alter ego,

24  and/or co-conspirator of the other such defendants.  At all times mentioned, a unity of interest in

25  ownership and other interests between each of such Defendants has existed such that any

26  separateness ceased to exist between them.  The exercise of complete dominance and control over

27  the other entities and their properties, rights and interests, rendered such entities as mere shells and

28  instrumentalities of each other.

3
Complaint

## FACTUAL ALLEGATIONS

10.     Plaintiff LOUIE HASSAN and the members of the Class were employed as truck drivers by Defendants at all of Defendants' trucking locations at various times during the Class Period, defined below. During the Class Period, Defendants employed several hundred truck drivers throughout California. These employees' job responsibilities included driving, operating pumps, making pick-ups and deliveries of cryogenics and other hazardous industrial chemicals to and from various hospitals, laboratories, and other companies throughout California.

11.     During the Class Period, Plaintiff and other drivers employed by Defendants typically worked at least ten (10) hours per shift. During the Class Period, Plaintiff, like other members of the Class, typically worked five (5) days per week and approximately fifty-one (51) to fifty-two (52) weeks per year. During the Class Period, Defendants' drivers made the vast majority, if not all, of their deliveries within the State of California, and were required on a daily basis to make their pick-ups and deliveries via trucks.[1]

12.     Due to the fact that truck drivers were transporting hazardous chemicals, During the Class Period, Defendants employed a policy and practice, uniformly applicable to all of its trucking centers and all of its truck driver employees, that truck drivers were not permitted to leave their trucks unattended at any point, including during all meal breaks and all rest breaks. When Class members took their meal and rest breaks, they were required to take their meal and rest breaks while tending to their trucks. Because Defendants' policy and practice of requiring truck drivers to stay with their trucks during all meal and rest breaks does not relieve Class members of all duties, truck drivers were not provided proper meal and/or rest breaks.

13.     Thus, on a daily basis throughout the Class Period, Plaintiff, like all other members of the Class, was unable to take his mandatory rest breaks and his first off-duty thirty-minute break on or before the fifth hour of work. When Plaintiff and members of the Class regularly

---

[1] By virtue of Defendants' employment of truck drivers/drivers operating within California, Defendants are and were at all times relevant hereto subject to IWC Wage Order No. 9.

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1   worked more than ten (10) hours per day, they were not able to take either of the two required off-

2   duty thirty-minute breaks.

3         14.    During the Class Period, upon information and belief, Defendants maintained

4   records of the start and end time of each delivery made by Plaintiff.  To comply with the law,

5   Defendants could have undertaken methods to ensure that Plaintiff and Class members were able

6   to take their off-duty meal and rest breaks.  Upon information and belief, despite the off-duty meal

7   period record-keeping requirements of Wage Order No.9, Defendants never maintained a record of

8   off-duty meal periods taken by drivers, including but not limited to Plaintiff.[2]

9         15.    Upon information and belief, Defendants were aware of the fact that Plaintiff and

10   Class members stayed attending the truck during their meal breaks and rest breaks and that

11   Plaintiff and Class members were never fully relieved of all duties for their meal breaks and rest

12   breaks.  The route sheets for Plaintiff and the members of the Class during the Class Period

13   demonstrate that Defendants routinely and consistently failed to ensure that drivers took their

14   timely off-duty rest break of no less than ten minutes on or before the fourth hour of work or their

15   timely off-duty meal period of no less than thirty (30) minutes on or before the fifth hour of work

16   as required by California law.  Instead, Defendants' policy requiring Class members to attend the

17   trucks at all times and during all breaks made it impossible for truck drivers, including but not

18   limited to Plaintiff and all putative Class members, to take their off-duty meal or rest breaks in a

19   timely fashion.  In addition to the fact that Department of Transportation regulations made it

20   extremely difficult, if not impossible, for drivers to leave their trucks, which carried hazardous

21   materials, unattended, Defendants trained and required Plaintiff and all putative Class members to

22   keep their trucks within their line of vision at all times. Because Defendants had records of each

23   driver's whereabouts, Defendants are and were for a number of years, fully aware that their truck

24

25   [2] Pursuant to Labor Code Section 1174, employers have a duty to keep accurate time records.

26   "[W]here the employer's records are inaccurate or inadequate ..., an employee has carried out their burden if he proves that he has in fact performed work for which he was improperly

27   compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Hernandez v. Mendoza*, 199 Cal. App. 3d 721, 727

28   (1988).

ESENSTEIN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1  drivers were consistently missing their timely off-duty rest and meal periods.  Although

2  Defendants knew that their truck drivers, including, but not limited to, Plaintiff and all members of

3  the putative Class, were missing their mandatory off-duty meal and rest periods, they nevertheless

4  failed to compensate Plaintiff and members of the Class for their missed, off-duty and/or untimely

5  rest and meal periods as required by California law.

6         16.     Defendants have consistently failed to relieve truck drivers, including but not

7  limited to Plaintiff and all members of the putative Class, of all duty for rest breaks of no less than

8  ten minutes on or before the fourth hour of work or for meal break of no less than thirty minutes

9  on or before the fifth hour of work, despite being aware that truck drivers, including but not

10 limited to Plaintiff and all members of the putative Class, were not taking their off-duty meal or

11 rest breaks on a timely basis.  Moreover, when Defendants' truck drivers worked more than ten

12 hours in a shift, Defendants consistently failed to ensure that its truck drivers, including but not

13 limited to Plaintiff and all members of the putative Class, took any off-duty meal or rest break.

14        17.     Defendants made no efforts to ensure that meal and/or rest periods were provided

15 and taken by employees in a timely fashion, despite being on notice that drivers were not taking

16 their statutory rest or meal periods.  Accordingly, throughout the Class Period, Plaintiff and

17 members of the Class worked numerous shifts without legally-required, timely off-duty rest or

18 meal periods, all with the knowledge and acquiescence of Defendants.  To make matters worse,

19 Defendants failed to compensate truck drivers, including but not limited to Plaintiff and all

20 members of the putative Class, for missed and/or untimely and/or on-duty meal or rest periods.

21        18.     Defendants have adopted, and are using, unfair business practices to minimize

22 hourly-paid employees' compensation and increase profits.  Defendants' unfair business practices

23 include causing non-exempt truck drivers, including but not limited to Plaintiff and all members of

24 the putative Class, to work without receiving timely and adequate meal periods, as well as failing

25 to pay truck drivers, including but not limited to Plaintiff and all members of the putative Class,

26 for missed and/or untimely and/or on-duty or interrupted meal or rest periods.

27 / / /

28 / / /

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1650
Los Angeles, CA 90025

6
Complaint

1    19.    Defendants knew or in the exercise of reasonable diligence should have known that

2    its truck drivers and drivers have been precluded from taking their off-duty meal or rest periods in

3    a timely fashion.

4                              **CLASS ACTION ALLEGATIONS**

5    20.    Plaintiff brings this case as a class action pursuant to California *Code of Civil*

6    *Procedure* Section 382 on behalf of a putative Class (the "Class") consisting of:

7                 All current and former employees of Defendant who

8                 worked as truck drivers in California from the four years

9                 prior to the filing of this Complaint through the date of

10                Class certification.

11    21.    Plaintiff reserves the right to amend the Class definition or add any Class or

12    subclass prior to seeking Class certification.

13    22.    Plaintiff believes there are hundreds, if not thousands, of current and former

14    employees in the Class.  Given the Defendants' systemic failure to comply with California law

15    regarding meal periods, and itemized wage statements, the members of the Class are so numerous

16    that joinder of all members is impractical.

17    23.    Plaintiff's claims are typical of the claims of the members of the Class because he

18    was a non-exempt truck driver who, like other members of the Class, sustained damages arising

19    from (a) Defendants' failure to provide mandated statutory meal and rest periods; (b) Defendants'

20    failure to pay them for missed and untimely meal and rest periods; and (c) Defendants' failure to

21    provide accurate itemized wage statements to their employees as required by California law.

22    24.    Common questions of law and fact exist as to all members of the Class, and

23    predominate over any questions solely affecting individual members of the Class. Among the

24    questions of law and fact common to Plaintiff and the Class are:

25                 a.    Whether Defendants engaged in a pattern or practice of failing to provide

26    timely, off-duty 30-minute meal periods to Plaintiff and the members of the Class who worked as

27    truck drivers in California during the Class Period;

28

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

7
Complaint

1          b.      Whether Defendants engaged in a pattern or practice of failing to provide

2 timely, off-duty rest periods to Plaintiff and the members of the Class who worked as truck drivers

3 in California during the Class Period;

4          c.      Whether Defendants engaged in a pattern or practice of failing to properly

5 compensate Plaintiff and the members of the Class who worked as truck drivers in California

6 during the Class Period;

7          d.      Whether Defendants employed a policy prohibiting drivers from leaving

8 their trucks unattended during their meal and rest breaks;

9          e.      Whether requiring drivers to attend to their trucks at all times constitutes a

10 proper meal or rest break;

11          f.      Whether Defendants violated California *Labor Code* Section 226.7, Section

12 512 and California Industrial Welfare Commission ("IWC") Order Number 9, Section 11 by

13 failing to relieve Plaintiff and the members of the Class who worked as truck drivers in California

14 during the Class Period of all duty for timely meal periods;

15          g.      Whether Defendants are subject to *California Business and Professions*

16 *Code* § 17200 et. seq.;

17          h.      Whether Defendants engaged in an unfair practice and violated California

18 *Business and Professions Code* § 17200 by failing to relieve Plaintiff and the members of the

19 Class who worked as truck drivers in California during the Class Period of all duty for timely meal

20 periods;

21          i.      Whether Defendants engaged in an unfair practice and violated California

22 *Business and Professions Code* § 17200 by failing to relieve Plaintiff and the members of the

23 Class who worked as truck drivers in California during the Class Period of all duty for timely rest

24 periods;

25          j.      Whether Defendants maintained accurate records of when Plaintiff and the

26 members of the Class who worked as truck drivers in California during the Class Period took

27 timely off-duty meal periods as mandated by California Industrial Welfare Commission ("IWC")

28 Order Number 9;

8
Complaint

ESENSTEIN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1    k.    Whether Defendants maintained accurate records of when Plaintiff and the

2  members of the Class who worked as truck drivers in California during the Class Period took

3  timely off-duty rest periods as mandated by California Industrial Welfare Commission ("IWC")

4  Order Number 9;

5    l.    Whether Defendants violated California *Labor Code* Section 226(a) by

6  regularly providing truck drivers who worked during the Class Period with inaccurate itemized

7  wage statements;

8    m.    Whether Defendants violated California *Labor Code* Section 203(a) by

9  failing to compensate former drivers who are members of the Class for all wages due to them upon

10  separation of employment with Defendants;

11    n.    Whether Defendants are subject to *California Labor Code* § 1197;

12    o.    Whether Defendants violated *California Labor Code* § 1197;

13    p.    Whether Defendants are subject to *California Labor Code* § 226;

14    q.    Whether Defendants violated *California Labor Code* § 226;

15    r.    Whether Defendants are subject to *California Labor Code* § § 201, 202, and

16  203;

17    s.    Whether Defendants violated *California Labor Code* §§ 201, 202, and 203;

18    t.    Whether Defendants are subject to *IWC Wage Orders* and *California Labor*

19  *Code* §§ 226.7 and 512;

20    u.    Whether Defendants violated *Wage Orders* and *California Labor Code* §§

21  226.7 and 512;

22    v.    Whether Defendants violated *California Business & Professions Code* §

23  17200 et. seq.; and

24    w.    The nature, extent and measure of damages of the Class-wide injury.

25    25.    When weighed against every possible alternative, class action treatment is superior

26  and ensures the fair and efficient adjudication of the controversy alleged herein.  Class treatment

27  permits a large number of similarly situated persons to prosecute their common claims in a single

28  forum simultaneously, efficiently, and without the duplicative efforts and expense that multiple

1 | individual suits necessitate. Here, no difficulties are likely to be encountered that would preclude

2 | the maintenance of this action as a class action, and no better alternative exists for the fair and

3 | efficient adjudication of the instant controversy. Upon information and belief, the Class members

4 | are readily identifiable from Defendants' employee rosters and/or payroll records.

5 |      26.    Defendants' actions apply generally to the entire Class. Prosecution of separate

6 | actions by individual members of the putative Class would create the risk of inconsistent or

7 | varying adjudications of the same issues presented herein, which, in turn, would establish

8 | incompatible and variant standards of conduct for Defendants.

9 |      27.    The class action mechanism is superior to other available methods for the fair and

10 | efficient adjudication of this controversy because joinder of all members is impractical.

11 | Furthermore, the amounts at stake for many members of the Class, while substantial, may not be

12 | sufficient to enable them to pursue separate litigation against Defendants.

13 |

14 | **CAUSES OF ACTION**

15 | **FIRST CAUSE OF ACTION**

16 | **Failure to Provide Mandated Timely Off-Duty Meal Periods**

17 | **(IWC Wage Order No. 9, Cal. Labor Code §§ 226.7, 512)**

18 |      28.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

19 | in the preceding paragraphs as though fully set forth herein.

20 |      29.    California *Labor Code* § 226.7(a) provides, "No employer shall require any

21 | employee to work during any meal or rest period mandated by an applicable order of the Industrial

22 | Welfare Commission."

23 |      30.    *California Labor Code* § 512 states in pertinent part that employers must provide at

24 | least a thirty-minute meal period for every five hours of work and another thirty-minute period if

25 | the work period is ten hours or more. Defendants must also provide a ten-minute rest break for

26 | every four hours of work or major fraction thereof.

27 |      31.    IWC Order No. *9-2001(11)(A)* provides, in relevant part: "No employer shall

28 | employ any person for a work period of more than five (5) hours without a meal period of not less

ESENSTEIN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

10
Complaint

1  than 30 minutes, except that when a work period of not more than six (6) hours will complete the

2  day's work the meal period may be waived by mutual consent of the employer and the employee."

3  Cal. Code Regs., tit. 8, § 11090(11)(A).

4      32.    IWC Order No. 9-200 (11)(c) further provides, in relevant part: "Unless the

5  employee is relieved of all duty during a 30-minute meal period, the meal period shall be

6  considered an 'on duty' meal period and counted as time worked." Cal. Code Regs., Tit. 8, § 18

7  11090(11)(c).

8      33.    Section 512(a) of the California *Labor Code* provides, in relevant part, that:

9          "An employer may not employ an employee for a work

        period of more than five hours per day without providing

10      the employee with a meal period of not less than 30

    minutes, except that if the total work period per day of the

11      employee is no more than six hours, the meal period may

    be waived by mutual consent of both the employer and

12      employee. An employer may not employ an employee for a

    work period of more than 10 hours per day without

13      providing the employee with a second meal period of not

    less than 30 minutes, except that if the total hours worked is

14      no more than 12 hours, the second meal period may be

    waived by mutual consent of the employer and the

15      employee only if the first meal period was not waived."

16      34.    California courts interpreting Section 11 (A) of Wage Order No.9, Section 512 of

17  the *Labor Code,* and Section 226.7 of the *Labor Code* have concluded that California employers

18  have an affirmative obligation to relieve employees of all duties for 30-minute meal periods for

19  every five hours of work. *See Brinker Rest. Corp. v. Superior Court,* 53 Cal. 4th 1004 (2012); *see*

20  *also Cicairos* v. *Summit Logistics,* 133 Cal. App. 4th 949, 962-963 (2005) ("the Defendants"

21  obligation to provide Plaintiffs with an adequate meal period is not satisfied by assuming that the

22  meal periods were taken, because employers have "an affirmative obligation to ensure that

23  workers are actually relieved of all duty" (DLSE Opinion Letter, 2002.01.28, p.1)) . They also

24  have a duty under Wage Order No.9 to record their employees' meal periods."); *Andrea Savaglio*

25  *et al.* v. *WalMart Stores, Inc.* et al., Nov. 6, 2003 Order (l) Granting Class Certification in Part and

26  (2) Denying Class Certification in Part, dated 11106/03, Alameda County Superior Court, Case

27  No. C-83 5687 -7, at p. 15 ("The Court holds that the Labor Code and Wage Orders require

28  employers to ensure that employees take full 30 minute meal breaks."); *see, also,* DLSE Manual §

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

11

Complaint

1  45.2.1 ("It is the employer's duty to compel the worker to cease work during the meal period" and

2  "the employer is not entitled to excuse the fact that he or she employs an employee for a period of

3  more than five hours without a meal period on the failure of the employee to take the meal

4  period.").

5      35.      Plaintiff and other similarly situated class members are informed and believe and

6  thereon allege, that Defendants failed to provide meal periods in violation of *California Labor*

7  *Code* §§ 226.7 and 512, and the *California Wage Orders.*  As alleged herein, due to Defendants'

8  policies requiring Class members to attend to their trucks at all times, including during all breaks,

9  Plaintiff and the members of the Class were never fully relieved of all duties and were routinely

10  required to work through their meal periods at the direction of Defendants and/or with their

11  knowledge and acquiescence.

12      36.      By their actions in requiring drivers to work through meal periods and/or their

13  failure to ensure the taking of timely off-duty meal periods by drivers, Defendants have violated

14  California *Labor Code* Section 226.7, and are liable to Plaintiff and the Class.

15      37.      As a result of the unlawful acts of Defendants, Plaintiff and the Class have been

16  deprived of timely off-duty meal periods, and are entitled to recovery under California *Labor*

17  *Code* Section 226.7(b) in the amount of one additional hour of pay at the employee's regular rate

18  of compensation for each work period during each day in which Defendants failed to provide

19  drivers with timely statutory meal periods.

20      38.      California *Labor Code* Section 218 authorizes Plaintiff and the members of the

21  Class to bring a private right of action to recover wages due based on the deprivation of timely off-

22  duty meal periods under California *Labor Code* Section 226.7(b).

23      39.      Defendants have acted with malice, oppression and/or in conscious disregard for

24  the legal rights of Plaintiff and members of the Class by failing to provide them with their timely

25  and full meal periods as required by California law, thereby causing them to incur actual injuries.

26  Defendants' actions also constitute a blatant violation of California law and public policy

27  concerning the provision of meal periods.

28  / / /

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

ESENSTEIN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

## SECOND CAUSE OF ACTION

**Failure to Provide Mandated Timely Off-Duty Rest Periods**

**(IWC Wage Order No. 9, Cal. Labor Code §§ 226.7, 512)**

40.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

41.     Defendants are and at all relevant times were required to provide a ten-minute rest break for every four hours of work or major fraction thereof.

42.     Plaintiff and other similarly situated class members are informed and believe, and thereon allege, that Defendants failed to provide rest periods in violation of *California Labor Code* §§ 226.7 and 512, and the *California Wage Orders*.  As alleged herein, due to Defendants' policies described herein—most notably, Defendants' policy that prevented Class members from leaving trucks unattended—Plaintiff and the members of the Class were never fully relieved of their duties and were routinely required to work through their rest periods at the direction of Defendants and/or with their knowledge and acquiescence.

43.     By their actions in requiring drivers to work through meal periods and/or their failure to ensure the taking of timely off-duty rest periods by drivers, Defendants have violated California *Labor Code* Section 226.7, and are liable to Plaintiff and the Class.

44.     As a result of the unlawful acts of Defendants, Plaintiff and the Class have been deprived of timely off-duty meal periods, and are entitled to recovery under California *Labor Code* Section 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide drivers with timely statutory rest periods.

45.     Defendants have acted with malice, oppression and/or in conscious disregard for the legal rights of Plaintiff and members of the Class by failing to provide them with their timely and full rest periods as required by California law, thereby causing them to incur actual injuries.  Defendants' actions also constitute a blatant violation of California law and public policy concerning the provision of rest periods.

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages

### (Cal. Labor Code § 1197)

46.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

47.     Plaintiff is informed and believes, and thereon alleges, that *California Labor Code* § 1197 and the *Industrial Welfare Commission Wage Orders* were in full force and effect and binding on Defendants at all times relevant hereto.  It is unlawful for an employer to pay an employee less than the minimum wage.

48.     Plaintiff is informed and believes, and thereon alleges, that he and similarly situated class members were not paid the minimum wage for every hour worked which is below what is required by the State of California's minimum wage laws. Since Defendants failed to pay Plaintiff and Class members minimum wages, Defendants are in violation of *California Labor Code* § 1197 and the *IWC Wage Orders.*

49.     Plaintiff and similarly situated Class members are therefore entitled to recover the unpaid amount of the wages, interest thereon, and reasonable attorneys' fees and costs as provided for by law.  Plaintiff is therefore entitled to recover the unpaid amount of the minimum wage, liquidated damages, interest thereon, and reasonable attorneys' fees and costs as provided for by *California Labor Code* §§ 1194 and 1194.

## FOURTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### (Cal. Labor Code §§ 226 and 226.3)

50.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

51.     Section 226(a) of the California *Labor Code* provides:

> "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of their or her employees, either as a detachable part of the check, draft, or voucher

14
Complaint

paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and their or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number cf the hours worked at each hourly rate by the employee."

52.     Section 226(e) provides that an employee is entitled to recover the greater of actual damages or $50 for initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

53.     As set forth above, during the entire Class Period, Defendants knowingly provided Plaintiff and members of the Class with bi-monthly inaccurate itemized wage statements, failing to include payments for missed or on-duty meal and rest periods in the gross wages earned during all pay periods occurring during the Class Period.

54.     Defendants' failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class Period has caused Plaintiff and the Class to incur economic damages.

55.     As a result of Defendants' weekly issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of *Labor Code* Section 226(a), Plaintiff and each member of the Class are each entitled to recover the greater of actual damages or an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4000 per Plaintiff and per every member of the Class from Defendants pursuant to Section 226(e) of the *Labor Code*.

///

///

///

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

ESENSTEIN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

## FIFTH CAUSE OF ACTION

### Failure to Pay Compensation Due Upon Separation of Employment

### (Cal. Labor Code §§ 201-203)

56.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

57.    Sections 201 and 202 of the California *Labor Code* require Defendants to pay all compensation due and owing to former drivers at or around the time each driver's employment is terminated or ends. Section 203 of the California *Labor Code* provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

58.    Defendants willfully failed to pay Plaintiff and other members of the Class who are no longer employed by Defendants for their missed, untimely and/or on-duty or interrupted meal periods upon their termination or separation from employment with Defendants as required by California *Labor Code* Sections 201 and 202.

59.    As a result, Defendants are liable to Plaintiff and other members of the Class who are no longer employed by Defendants for penalties pursuant to California *Labor Code* Section 203.

## SIXTH CAUSE OF ACTION

### Unfair/Unlawful/Fraudulent Business Practices

### (Cal. Bus. & Prof. Code § 17200 et seq.)

60.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

61.    Section 17200 of the California *Business & Professions Code* prohibits any unlawful, unfair, or fraudulent business practices.

62.    *Labor Code* Section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to

1   work under substandard and unlawful conditions, and to protect employers who comply with the

2   law from those who attempt to gain competitive advantage at the expense of their workers by

3   failing to comply with minimum labor standards.

4        63.     Through its actions alleged herein, Defendants have engaged in unfair competition

5   within the meaning of California *Business & Professions Code* Section 17200, because

6   Defendants' conduct has violated state wage and hour laws as herein described. Defendants'

7   conduct as herein alleged has damaged Plaintiff and the Class members by wrongfully denying

8   them timely meal periods, issuing incorrect itemized wage statements, and failing to pay all wages

9   at the time of termination, and therefore was substantially injurious to Plaintiff and the Class

10   members.

11        64.     Defendants committed, and continue to commit, acts of unfair competition, as

12   defined in California *Business & Professions Code* Section 17200, *et seq.*, by, among other things,

13   engaging in the acts and practices described above.

14        65.     Defendants engaged in unfair competition in violation of California *Business &*

15   *Professions Code* Section 17200, *et seq.*, by violating, *inter alia,* each of the following:

16           a.     IWC Wage Order No. 9;

17           b.     Cal. Code Regs., Tit. 8, § 18 11090(11)(c);

18           c.     California *Labor Code* Section 226.7;

19           d.     California *Labor Code* Section 512;

20           e.     California *Labor Code* Section 1197; and

21           f.     California IWC Orders No. 9-2001;

22        66.     Defendants' course of conduct, act and practice in violation of the California laws

23   mentioned in each paragraph above constitute separate and independent violations of California

24   *Business & Professions Code* Section 17200, *et seq.*

25        67.     The harm to Plaintiff and the Class members in being wrongfully denied timely 30-

26   minute off-duty meal periods and 10-minute rest periods as required by law outweighs the utility,

27   if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein

28   constitute an unfair business practice or act within the meaning of California *Business &*

ESENSTEIN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

---

17
Complaint

1  *Professions Code* Section 17200. Defendants, as described above, have injured Plaintiff and the

2  Class members, in that they were wrongfully denied wages due for missed, untimely and on-duty

3  meal periods, as well as given itemized wage statements not conforming to the law, and their

4  wages were withheld from them, upon separation of employment.

5

6                                    **<u>PRAYER FOR RELIEF</u>**

7        Wherefore, Plaintiff, on behalf of himself and the members of the Class, prays for

8  judgment against Defendants as follows:

9        1.   An order certifying that this action may proceed and be maintained as a class action

10             and appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class

11             Counsel;

12       2.   On the First Cause of Action:

13             a.   A declaratory judgment that Defendants have violated California *Labor Code*

14                  Sections 226.7, 512 and the IWC Wage Order No. 9-2001;

15             b.   Pursuant to California *Labor Code* Section 226.7, an award to Plaintiff and the

16                  Class Members for an additional hour of pay at the employee's regular rate of

17                  compensation for each day that off-duty meal periods were missed/not provided

18                  during the Class Period;

19             c.   Pursuant to California *Labor Code* Section 218.6, an award of all accrued

20                  interest from the date that the wages were due and payable at the legal interest

21                  rate; and

22             d.   An award to Plaintiff and the Class members of reasonable attorneys' fees and

23                  costs;

24       3.   On the Second Cause of Action:

25             a.   A declaratory judgment that Defendants have violated California *Labor Code*

26                  Sections 226.7, 512 and the IWC Wage Order No. 9-2001;

27             b.   Pursuant to California *Labor Code* Section 226.7, an award to Plaintiff and the

28                  Class Members for an additional hour of pay at the employee's regular rate of

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

<u>18</u>
Complaint

1  compensation for each day that off-duty rest periods were missed/not provided

2  during the Class Period;

3     c.  Pursuant to California *Labor Code* Section 218.6, an award of all accrued

4  interest from the date that the wages were due and payable at the legal interest

5  rate; and

6     d.  An award to Plaintiff and the Class members of reasonable attorneys' fees and

7  costs;

8    4.  On the Third Cause of Action:

9     a.  A declaratory judgment that Defendants have violated Cal. Labor Code § 1197;

10     b.  An award of all unpaid minimum wages, according to proof;

11     c.  An award of all waiting time penalties under California Labor Code §§ 201,

12  202, and 203 owed to Plaintiff and Class members, according to proof;

13     d.  An award of all penalties required under California Labor Code § 1194.2 in an

14  amount according to proof; and

15     e.  An award of reasonable attorneys' fees and costs;

16    5.  On the Fourth Cause of Action:

17     a.  A declaratory judgment that Defendants violated California Labor Code

18  Sections 226 and 226.3;

19     b.  An award of penalties pursuant to California Labor Code § 226; and

20     c.  An award of reasonable attorneys' fees and costs;

21    6.  On the Fifth Cause of Action:

22     a.  A declaratory judgment that Defendants violated California Labor Code §§ 201,

23  202, and 203; and

24     b.  An award of waiting time penalties under California Labor Code §§ 201, 202,

25  and 203;

26    7.  On the Sixth Cause of Action:

27     a.  An order requiring Defendants, its agents, servants, and employees, and all

28  persons acting, directly or indirectly, in concert with them, to restore as

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

19
Complaint

1   restitution all funds to each member of the Class acquired by means of any act

2   or practice declared by this Court to be unlawful, unfair or fraudulent and

3   therefore constituting unfair competition under California *Business and*

4   *Professions Code* Section 17200, *et seq.*;

5   8.   For the Class's missed meal and rest periods, restitution of all wages earned by the

6   Class, but not paid by Defendants, including, but not limited to, the relief permitted by

7   the California IWC Wage Order No. 92001;

8   9.   Injunctive relief enjoining Defendants from continuing to engage in the unlawful

9   practices described herein;

10   10. An award for reasonable attorneys' fees and costs;

11   11. An award for pre-judgment interest; and

12   12. All other relief as this Court deems proper.

13

14   DATED:  March 1, 2018                    **ESENSTEN LAW**

15

16

17   By: _____
                JORDAN S. ESENSTEN
18   Attorneys for Plaintiff LOUIE HASSAN and all others
     similarly situated

19

20

21

22

23

24

25

26

27

28

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

20
Complaint

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: March 1, 2018

ESENSTEN LAW

By: 

JORDAN S. ESENSTEN
Attorneys for Plaintiff LOUIE HASSAN and all others
similarly situated

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ROBERT L. ESENSTEN (SBN 65728) / JORDAN S. ESENSTEN (SBN 264645)<br>ESENSTEN LAW<br>12100 Wilshire Blvd., Suite 1660<br>Los Angeles, California 90025 | **FILED**<br>Superior Court of California<br>County of Los Angeles |
| TELEPHONE NO.: (310) 273-3090   FAX NO.: (310) 207-5969 | **MAR 01 2018** |
| ATTORNEY FOR (Name): Plaintiffs Louie Hassan and Others Similarly Situated | Sherri R. Carter, Executive Officer/Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles | By _____ Deputy |
| STREET ADDRESS: 111 North Hill Street | Marion Gomez |
| MAILING ADDRESS: 111 North Hill Street | |
| CITY AND ZIP CODE: Los Angeles, California 90012 | |
| BRANCH NAME: Stanley Mosk Courthouse - Central District | |

| CASE NAME:<br>Louie Hassan, et al. vs. Praxair, Inc., a Delaware Corporation | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC696124**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☑ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): Six (6)-1. Failure to Provide Meal Breaks, 2. Failure to Provide Rest Breaks,
5. This case ☑ is   ☐ is not   a class action suit. 3.Failure to Pay Min. Wages, 4.Failure to Provide Accurate Wage Statements,
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)5.Failure to Pay Sep. Employ. Comp.
Date: March 1, 2018      6.-Unfair Business Practices
Jordan S. Esensten
_____      _____
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Louie Hassan, et al. vs. Praxair, Inc., a Delaware Corporation | CASE NUMBER: BC696124 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

Doc# 1 Page# 25 - Doc ID = 1729755688 - Doc Type = OTHER

| SHORT TITLE: Louie Hassan, et al. vs. Praxair, Inc., a Delaware Corporation | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: Louie Hassan, et al. vs. Praxair, Inc., a Delaware Corporation | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: Louie Hassan, et al. vs. Praxair, Inc., a Delaware Corporation | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | This is a Class Action and therefore must be filed in the County Courthouse, Central District |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __March 1, 2018__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Doc# 1 Page# 28 - Doc ID = 1729755688 - Doc Type = OTHER